United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR ANTONIO PALACIOS ORTEGA,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, *et al.*,<br>Respondents. | Case No. 1:26-cv-04151 (EJD)<br><br>**ORDER GRANTING FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS**<br><br>Re: Dkt. No. 7 |

Petitioner filed the First Amended Petition for Writ of Habeas Corpus ("FAC") (Dkt. No. 7) seeking release from the custody of U.S. Immigration and Customs Enforcement ("ICE"). Petitioner raises claims that are functionally identical to those this Court, and many others within this district, have already addressed in prior orders. Fleeing Nicaragua, Petitioner entered the United States in February 2024 and was taken into custody by the Department of Homeland Security ("DHS"). Dkt. No. 7 ¶17. Petitioner was subsequently released from custody and paroled into the country pursuant to 8 U.S.C. § 1182(d)(5)(A). *Id.*; Dkt. No. 7-1 at 13–14. After his release, Petitioner applied for asylum and was authorized to work by USCIS. Dkt. No. 7 ¶¶ 18–19. On January 29, 2026, ICE officers detained Petitioner following a minor traffic accident in which he was not driving. *Id.* ¶ 22. Petitioner has no criminal history and claims to have followed all the conditions of release. *Id.* ¶ 21. Despite this, Petitioner was provided no notice of revocation of his parole, nor has any individualized determination that he is a flight risk or danger to the community been made. *Id.* ¶¶ 23–24.

Many prior orders within this district and throughout the Ninth Circuit are dispositive on the issues raised in the FAC. *See, e.g.*, *Fernandez Lopez v. Wofford*, No. 1:25-CV-01226-KES-SKO (HC), 2025 WL 2959319 (E.D. Cal. Oct. 17, 2025); *R.A.N.O. v. Wofford*, 820 F. Supp. 3d

1094 (E.D. Cal. 2026); *Omer G. G. v. Kaiser*, 815 F. Supp. 3d 1098 (E.D. Cal. 2025); *Marin v. Warden of Golden State Annex*, No. 1:26-CV-04316 (VC), 2026 WL 1871026 (E.D. Cal. June 29, 2026); *Maldonado Rojas v. Warden of the Golden State Annex*, No. 1:26-CV-04315-NW, 2026 WL 1871025 (E.D. Cal. June 29, 2026); *Ji v. Noem*, No. 1:26-CV-01186-DJC-CSK, 2026 WL 485287 (E.D. Cal. Feb. 20, 2026); *Noori v. LaRose*, 807 F. Supp. 3d 1146 (S.D. Cal. 2025); *Rodriguez Cabrera v. Mattos*, 808 F. Supp. 3d 1159 (D. Nev. 2025). For the reasons stated in those cases, Petitioner is entitled to complete relief on his procedural due process claim.[1] Dkt. No. 7 ¶¶ 35–39. Respondents did not provide Petitioner with notice and an opportunity to be heard, as required by the Fifth Amendment Due Process Clause, prior to revoking his release. Petitioner has a clear liberty interest in his continued freedom. *See R.A.N.O.*, 820 F. Supp. 3d at 1103 (finding protected liberty interest where petitioner was previously released on parole under § 1182(d)(5)(A)). Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), the Court finds that Petitioner has a substantial private interest in maintaining his out-of-custody status, the risk of erroneous deprivation here is considerable, and Respondents' interest in detention is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal.

Respondents filed an answer to the FAC arguing that Petitioner may be mandatorily detained under 8 U.S.C. § 1225(b)(1)(A). This argument has been rejected by courts throughout this circuit, and the Court does the same here. *See, e.g.*, *Noori*, 807 F. Supp. 3d at 1168 (rejecting application of § 1225(b)(1) to §1182(d)(5)(A) parolee as he was no longer an "arriving alien" as required by § 1225(b)(1)(A)); *Fernandez Lopez*, 2025 WL 2959319, at *4 (application of § 1225(b)(1) does not divest petitioner of liberty interest in his continued freedom on parole); *Salazar v. Kaiser*, No. 1:25-CV-01017-JLT-SAB, 2025 WL 2456232, at *10–11 (E.D. Cal. Aug. 26, 2025) (same).

[1] Petitioner also brings claims under 8 U.S.C. § 1226(a) (count 2) and a due process claim for prolonged detention (count 3). Dkt. No. 7 ¶¶ 40–46. Because Petitioner's procedural due process claim (count 1) entitles him to complete relief, the Court need not, and does not, consider his remaining two claims for relief.

United States District Court
Eastern District of California

Accordingly, IT IS HEREBY ORDERED that the First Amended Petition for Writ of Habeas Corpus is GRANTED. Respondents are ORDERED to immediately release Cesar Antonio Palacios Ortega from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have his counsel present. This Order does not address the circumstances under which Respondents may re-detain Petitioner if he becomes subject to a final order of removal.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: July 23, 2026

EDWARD J. DAVILA
United States District Judge